# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| | ) | Case # 13-00423 |
| **CHAPALA, INC.** | ) | |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |
| | ) | |

## NOTICE OF MOTION AND MOTION

To:  See Attached Service List

      Please take notice that on the 13th day of March, 2013 at the hour of 10 a.m. or as soon thereafter as Counsel may be heard, I shall appear before the Honorable Judge Eugene R. Wedoff, Courtroom 744 at the United States Bankruptcy Court, 219 S. Dearborn, Chicago, IL 60604 or before any other Bankruptcy Judge who may be presiding in his/her place and stead and shall then and there present the following attached motions which are also available on the Court's electronic docket and upon request.

      Motion for Entry of a Final Order (i) Authorizing the Debtor use of Cash Collateral, (ii) Granting Adequate Protection.

      By: _____
          One of its attorneys

Michael Choi
Shinwon Law LLC
921 Oakton St.
Elk Grove Village, IL 60007
847-434-0100

## PROOF OF SERVICE

      The undersigned, an attorney, hereby certifies that I have served a copy of the aforementioned instruments on the attached service list, via the method indicated thereon, on this 27th day of February, 2013.

      _____/s/_____
          Michael Choi

Shinwon Law LLC
921 Oakton St.
Elk Grove Village, IL 60007
847-434-0100

SERVICE LIST

Hon. Eugene R. Wedoff
U. S. Bankrupty Court
219 S. Dearborn
Chicago, IL 60604

United States Trustee
219 S. Dearborn St.
Room 873
Chicago, IL 60604
Fax# 312-886-5794

Chapala, Inc.
7117 N. Clark Street
Chicago, IL 60626

Banco Popular
9600 W. Bryn Mawr Ave.
Rosemont, IL 60018

First Merit Bank
c/o Danica L Werhand
Aronberg Goldgen & Davis
330 N. Wabash #1700
Chicago, IL 60611

Peoria Packing
1307 W. Lake St.
Chicago, IL 60607

J L Gonzalez Produce
2404 Wolcott #5-7
Chicago, IL 60608

Daily Meat Supply, Inc.
2323 W. Fulton
Chicago, IL 60608

USEC LLC
10333 Harwin Dr. #600
Houston TX 77035

Hudson Energy
P.O. Box 142109
Irving, TX 75014

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| | ) | Case # 13-00423 |
| CHAPALA, INC. | ) | |
| | ) | |
| **Debtor.** | ) | **Honorable Eugene R. Wedoff** |
| | ) | |
| | ) | |

### DEBTOR'S MOTION FOR ENTRY OF A FINAL ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL, GRANTING ADEQUATE PROTECTION

Chapala Inc. ("Chapala"), by and through the undersigned proposed counsel, file its Motion for Authority Use Cash Collateral and in support of this Motion, state as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. 157(b).

3. The statutory predicates for the relief requested herein are Sections 105, 361 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### BACKGROUND FACTS

1. On January 6, 2012("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor are in possession of its assets continues to operate its business and manage its financial affairs as debtor in possession.

3. Chapala Inc. was incorporated in 1992 by a Hispanic immigrant Miguel Hernandez. Chapala, in an effort to cater to the needs of the Hispanic population opened an ethnic grocery store with a title of Supermercado & Carniceria Chapala. This store was located on 7117 N. Clark St. Chicago, IL.

4. Chapala operates its Supermercado & Carniceria Chapala as a grocery store, purchasing meat, dairy products and other food products and selling them to consumers.

5. Chapala has been in business for 20 years.

6. There are total of three(3) secured creditors and they shall be protected as follows:

   i. U.S. Bancorp Manifest Funding leased two(2) equipments to Chapala and filed two(2) UCC-1s against the equipment. The security against the equipment shall remain.

   ii. Banco Popular gave two(2) commercial loans to the sole shareholder of Chapala and made Chapala a guarantor in the amount of $500,000.00 and $900,000.00 and filed two(2) UCC-1s against the Debtor. Banco Popular is primarily secured by the real estate wherein the loans were used to purchase. The Security against the real estate and the personal property shall remain. Further, the Debtor will operate within the attached proposed budget until use of cash collateral is approved on a permanent basis.

   iii. Cintas Corporation No.2 is a uniform company that took a UCC-1 lien against debtor for the uniforms Cintas supplied to the Debtors employees. The original lien was filed in 1997 and there is no record of renewal.

2

7. By this Motion, the Debtor seeks an order authorizing the Debtor to utilize cash collateral in order to operate the Debtor's business. There are five(5) UCC-1 liens recorded against the Debtor's assets by three(3) creditors. One or more of these liens may extend to collateral representing cash collateral within the meaning of section 363 of the Bankruptcy Code.

8. The Debtor seeks authority use cash collateral to continue purchasing goods and food products in order to have the necessary inventory to avoid immediate and irreparable harm to the estate.

9. It is essential to the continued operation of the debtor's business for the Debtor to have the ability utilize cash collateral. Without the use of cash collateral to continue the Debtor's business, the Debtor will be required to discontinue its business operations.

10. The Debtor believes that adequate protection will be provided through the maintenance of existing collateral levels and the existing equipment. The proposed utilization of cash collateral will not, in any event, diminish the Lenders' position as the Cash Collateral will be used to maintain the level of the inventory.

11. If allowed to use cash collateral, the Debtor believes it can maintain its business.

## AUTHORITY IN SUPPORT OF RELIEF REQUESTED

12. Pursuant to Section 363(c)(2)(B), a debtor-in-possession may use cash collateral with court approval after notice and a hearing. 11 U.S.C. 363(c)(2)(B). Section 363(e) of the Bankruptcy Code provides that, upon request of an entity that has an interest in property to be used by a debtor, the Court "shall prohibit or condition such use… as is necessary to provide adequate protection of such interest." 11 U.S.C. 363(e). Here, the Court should approve the Debtor's proposed use of cash collateral because the affected Lenders' interest in cash collateral will be adequately protected during the Debtor's continued business operation.

13. Adequate protection can be provided by a number of different methods. Section 361 of the Bankruptcy Code provides that adequate protection may be provided by (1) making "a cash

3

payment or periodic cash payments to an entity, to the extent that the stay under section 362 of this title, use, sale or lease under section 363 of this title….. results in a decrease in the value of the entity's interest in such property," (2) "providing to an entity an additional replacement lien to the extent that such … use … results in a decrease in the value of the entity's interest in such property" or(3) "granting such other relief … as will result in the realization by an entity of the indubitable equivalent of the entity's interest in such property."  11 U.S.C. 361(1), (2), (3). Adequate protection may also be provided or otherwise realized by the existence of an equity cushion in the collateral.

14. What constitutes adequate protection is determined on a case-by-case basis.  See MBank Dallas, N.A. v. O'Connor, 808 F.2d 1393, 1396-97 (10th Cir. 1987).  However, regardless of how adequate provided, the focus of the requirement is to protect a secured creditor from diminution in value of its interest in the collateral during the period of use by the debtor.  See In re Kain, 86 B.R. 506, 513(Bankr. W.D. Mich. 1988).

15. Adequate protection is necessary only to the extent the use of the Creditor's collateral will result in a decrease in "the value of such entity's interest in such property."  11 U.S.C. 361,363(e). see United Savings Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd., 484 U.S. 365, 370-73 (1988)(the "interest in property" entitled to protection is "the value of the collateral" securing the claim").

16. The Creditors are only entitled to protection against the decline in value of their security interests in pre-petition collateral resulting from the Debtor's use of cash collateral.

17. The interests of the Creditors are adequately protected by virtue of the terms and conditions of any cash collateral stipulation and any consent of the Lenders.  Alternatively, absent such consent, the Debtor believes that the Lenders interests are adequately protected due to the continued maintenance of the level of the collateral and insurance of the collateral.

4

18. In light of the foregoing, the Debtor submits that the use of cash collateral to maintain the inventory and to pay the expenses to continue the operation of the business is appropriate and that the interests of the lenders will be adequately protected.

### **RELIEF**

19. The Debtor requests that final hearing on the interim relief requested in this motion be heard on March 13, 2013. The terms of the use of cash collateral on an interim basis are the same as the final basis.

WHEREFORE, THE DEBTOR RESPECTFULLY REQUESTS THAT THE Court (i) enter a final order authorizing the Debtor to use the Cash Collateral on an interim basis on the terms set forth above (ii) grant such additional relief as the Court deems just and proper.

Respectfully submitted,

Chapala, Inc.  Debtor and Debtor in Possession

By:_____/s/_____
Michael Choi, One of its proposed Attorneys

Michael Choi  (6192184)
Shinwon Law LLC
921 Oakton St.
Elk Grove Village, IL 60007
Tel:  847-434-0100
Fax:  847-239-7928